## MARK L. McDONALD and ALVIN W. WHITNEY, Respondents, *v.* ERWIN DAVIS, Appellant.

*Discharge in bankruptcy — leave to set it up by supplemental answer — laches.*

On September 9, 1869, the plaintiff commenced an action against the defendant in California; on the eleventh, the latter was adjudged a bankrupt, and, on the fifteenth, the plaintiff was enjoined from further proceedings in the action. On February 25, 1873, the injunction was dissolved on account of the laches of the defendant in applying for a discharge; and on the next day plaintiff procured a judgment, upon which he subsequently brought this action. Afterwards, and in 1876, defendant applied for a discharge, which he obtained on the 6th of March, 1877. Upon an application by him for leave to file a supplemental answer setting up his discharge, *held*, that it was properly denied on the ground of laches.

Appeal from an order denying a motion for leave to serve a supplemental answer, setting up as a defense a discharge in bankruptcy.

*Henry A. Root*, for the appellant.

*Herbert & Wilber*, for the respondents.

Daniels, J.:

This action is brought upon a judgment recovered by the plaintiffs against the defendant in the State of California. It was recovered in an action commenced on the 8th of September, 1869.

The defendant commenced proceedings for his discharge as a bankrupt in the United State District Court for the State of California, on the eleventh day of the same month, and was then adjudicated a bankrupt. On the fifteenth day of that month, by an order of the District Court, the plaintiffs were enjoined from proceeding in the prosecution of their action, but the injunction was dissolved on the 25th of February, 1873, because of the defendant's delay in prosecuting his proceedings for a discharge. And on the next day the judgment of the plaintiffs was recovered. After the present action was brought, and in the year 1876, the defendant applied to the United States District Court for his discharge as a bankrupt, and that was decreed and allowed on the 6th of March, 1877. He applied to the court in which the judgment had been recovered to set it aside, and after having been defeated in that motion instituted an action for the same purpose which was decided against him upon a demurrer taken to his complaint.

It appeared in the bankruptcy proceedings that he had no assets, and he was consequently entitled to apply for his discharge after the expiration of sixty days from the time of the adjudication that he was a bankrupt. That he neglected to do until his activity was stimulated by the prosecution of this suit. For a period of about seven years, he allowed his proceedings to remain in a dormant condition. And during that time, and apparently for that reason, the plaintiffs were allowed by the United States District Court to proceed with their action, and perfect their judgment. His neglect was sufficient to justify the liberty which was extended to the plaintiffs. And they cannot equitably be deprived of the advantage of their proceedings by a discharge, only applied for when there may have been a probability that they might derive some pecuniary benefit from their judgment.

Laches on the part of the bankrupt in making his application for leave to present his discharge as a defense by way of supplemental answer has been deemed a sufficient reason for its denial. (*Holyoke* v. *Adams*, 59 N. Y., 233.) And similar delay on the part of the bankrupt in applying for and obtaining the discharge itself should on principle be followed by the same consequences. The delay in that respect in the present case has in no way been excused and the application made was, for that reason, very properly refused.

The order appealed from should be affirmed, with the usual costs and disbursements.

Davis, P. J., concurred.

Present — Davis, P. J., Brady and Daniels, JJ.

Order affirmed, with ten dollars costs and disbursements.